APR 23 2026 AM 10:24
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

ANTONIO D. SEPULVEDA,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

Civil Action No.: _8:26-CV-1168-WFJ-LSG_

**JURY TRIAL DEMANDED**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**PRELIMINARY STATEMENT**

1. I am Antonio D. Sepulveda. I bring this action against Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Experian generated my consumer disclosure on March 5, 2026 (Report No. 2239-8193-46) and failed to clearly and accurately disclose all information in my file as required by 15 U.S.C. § 1681g(a)(1). Experian also reported inaccurate and misleading information about my accounts to third parties in violation of its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b). In addition,



1

Experian disseminated my consumer report containing inaccurate information to multiple third parties, including debt collectors and creditors, establishing concrete injury under TransUnion LLC v. Ramirez, 594 U.S. 413 (2021).

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because I reside in this district in San Antonio, Florida, and the acts and omissions giving rise to my claims occurred in this district.

## PARTIES

4. I, Antonio D. Sepulveda, am a natural person residing in San Antonio, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) in that, for monetary fees and on a cooperative nonprofit basis, it regularly engages in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties, using means and facilities of interstate commerce. Experian is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### I. My Experian Consumer Disclosure

6. On March 5, 2026, I requested and received a copy of my consumer disclosure from Experian through the consumerinfo.com portal. Experian generated that disclosure bearing Report No. 2239-8193-46.

2

7. Pursuant to 15 U.S.C. § 1681g(a)(1), upon receiving my request, Experian was required to clearly and accurately disclose to me all information in my file at the time of the request.

8. Experian's March 5, 2026 disclosure contains twenty accounts and lists five hard inquiries. As detailed below, Experian failed to clearly and accurately disclose required data fields across multiple tradelines, reported inaccurate account information to third parties, and permitted multiple collection accounts to be reported in connection with disputed and inaccurately described underlying debts.

## II. Missing and Incomplete File Disclosure

9. Experian's March 5, 2026 disclosure omits or fails to clearly disclose the following specific data for the following accounts:

a. AmeriCredit/GM Financial (Account No. 111016XXXXXX): The Balance field is blank and the Balance Updated field is blank, yet the 24-month payment history table reflects specific balance figures for each month through December 2024. The Recent Payment, Monthly Payment, and Highest Balance fields are all blank in the account header despite payment history data being present in the balance history table. Under Metro 2 standards, the account header fields must be consistent with the payment history data. The absence of these required header fields prevents me from verifying the accuracy of the account summary against the detailed history, particularly given that this account carries a significant history of late payments across multiple years.

b. Capital One (Account No. 486236XXXXXXXXXX): The Monthly Payment field is blank. The Recent Payment field is blank despite the account being active through January 2026 and showing a balance history with ongoing balance changes. The Highest Balance field reports $3,624 while the current balance as reported is $3,599 and the Credit Limit is $3,250. The Highest Balance of $3,624 exceeds the Credit Limit of $3,250 by $374 with no narrative code or explanation for the over-limit condition. This account also shows a dramatic, unexplained balance collapse from $3,409 in October 2024 to $44 in November 2024, and then from $362 in December 2024 to $905 in January 2025 -- a balance increase of $543 in one

3

month with no corresponding payment or charge activity disclosed. These internal inconsistencies in the balance history are not explained in the disclosure.

c. Capital One (Account No. 515676XXXXXXXXXX): The Monthly Payment field is blank. The Recent Payment field is blank. The Highest Balance is $6,182 which equals the current balance and the charge-off amount simultaneously, with a Credit Limit of $5,250. The reported Highest Balance of $6,182 exceeds the Credit Limit of $5,250 by $932 with no narrative code explaining any authorized over-limit condition. This account also shows a dramatic unexplained balance collapse from $5,660 in October 2024 to $108 in November 2024, and then from $1,578 in December 2024 to $565 in January 2025. These unexplained balance swings, each representing thousands of dollars of change in a single month with no payments credited, are internally inconsistent and misleading as reported.

d. CapitalOne (Account No. 548042XXXXXXXXXX): The Recent Payment field is blank despite the balance history showing active monthly balances and scheduled payment amounts through January 2026. The Highest Balance field reports $1,173 against a Credit Limit of $1,000, meaning the Highest Balance exceeds the Credit Limit by $173 with no explanation. This account is reported as Open with a current balance of $1,156 against a Credit Limit of $1,000, meaning the current balance also exceeds the credit limit by $156 as of the report date, yet no over-limit narrative code is present. This pattern -- a current balance exceeding the stated credit limit with no explanation -- is inaccurate as reported to third parties.

e. Caine & Weiner (Account No. 244009XX): The Recent Payment, Monthly Payment, and Highest Balance fields are all blank. The Status Updated field reflects "Oct 2025" but the account was opened on 10/27/2025 and the collection balance of $610 has remained static at the same amount throughout the reporting period with no changes, which is consistent with no payment or collection activity being applied. The Original Creditor is identified as Progressive, but no account number or account type for the underlying Progressive account is disclosed, making it impossible to identify the specific obligation giving rise to this collection. Experian also reflects a hard inquiry by Caine & Weiner Company on 12/04/2025 designated as "Collection," confirming dissemination of my consumer report to this debt collector.

4

f. Cavalry Portfolio Service (Account No. 237217XX): The Recent Payment, Monthly Payment, and Highest Balance fields are all blank. The Original Creditor is listed as Vive Financial, but no account number, date of original delinquency with Vive Financial, or account type for the underlying obligation is disclosed. The date of first delinquency with the original creditor -- which governs the seven-year reporting clock under 15 U.S.C. § 1605(c) -- is not disclosed at all, making it impossible for me to determine when this collection account must be removed from my file. The account was opened by Cavalry on 12/31/2025, which is an implausible account opening date (New Year's Eve) and may indicate a data entry error.

g. Credit Collection Services (Account No. 172525XX): The Recent Payment, Monthly Payment, and Highest Balance fields are all blank. The Original Creditor is identified as Geico Indemnity Co. but no date of first delinquency with the original creditor is disclosed. The $95 balance has been static since at least November 2025, with no payment activity reflected. The date of first delinquency with the original creditor is absent, preventing me from determining whether this collection account has exceeded or is approaching its permissible reporting period.

h. Rozlin Financial Group (Account No. 183192XX): The Recent Payment, Monthly Payment, and Highest Balance fields are all blank. The Original Creditor is identified as "School of EMS," but no date of first delinquency with the original creditor is disclosed. The account was opened on 12/12/2025, and the collection account is scheduled to remain on record until January 2030 -- which implies a date of first delinquency in approximately January 2023 -- but that originating delinquency date is not disclosed.

i. MOHELA (Account No. 256341XXXXXXXXXXXXXXXXXXXXXXXXX): The account carries the notation "Payment Deferred. Sep 2024 to Dec 2025" in the historical comments but the disclosure shows no data ("ND") for the entire payment history grid from 2019 through 2026 -- over seven years of payment history entries showing "No data for this period" with no explanation. A student loan account with seven-plus years of no data reported is a recognized Metro 2 deficiency. The balance has been accruing interest monthly (increasing from $46,691 original balance to $50,300 current balance) but the balance history table

reflects the balance as completely static at $49,079 from September 2024 through April 2025 -- a period of seven months -- with no interest accrual disclosed, then shows accrual resuming in May 2025. This inconsistency in the balance history is not explained.

j. PennyMac Loan Services (Account No. SSE001XXXXXXXXXX): The Highest Balance field is blank for a mortgage account with an original balance of $358,378. The December 2025 30-day late payment is noted, but the payment history shows a payment of $2,000 in December 2025 (less than the scheduled $2,430), which explains the late marking. However, the Recent Payment field in the account header is listed as $2,450 "as of 2/3/2026" -- an amount that exceeds the disclosed Monthly Payment of $2,430 -- and the relationship between these figures is not explained. More importantly, this account was opened 01/27/2025, and the payment history displays only through December 2025, yet the report carries a potentially negative designation despite only a single 30-day late in approximately ten months of reporting, which is the most damaging notation relative to the account's brief history.

10. On information and belief, each of the data furnishers identified in Paragraph 9 reported complete account information to Experian, including required header fields, dates of first delinquency with the original creditor, full balance histories, and payment data, and that information was contained within Experian's file regarding me at the time of my March 5, 2026 request.

11. Experian's disclosure was generated using a template that extracts database information from my file and populates it into a consumer disclosure form. On information and belief, that same template is used virtually every time a consumer requests their file from Experian. Experian's automated system routinely omits required data fields in the consumer-facing disclosure, even though Experian includes complete account information in the reports it sells to third-party creditors.

12. The FTC Advisory Opinion to Darcy (June 30, 2000) states that a CRA that routinely omits information does not technically comply with Section 609 because it does not provide accurate disclosure of all information in the file.

13. The failure to disclose dates of first delinquency, over-limit narrative codes, payment header data, and complete balance histories significantly diminished my ability to understand my consumer disclosure,

6

assess the legal status and accuracy of each debt, and identify the accounts for dispute purposes. The absence of dates of first delinquency for collection accounts in particular prevents me from independently verifying whether those accounts have exceeded their permissible seven-year reporting period under 15 U.S.C. § 1681c(a)(4).

14. Experian's failure to disclose all information in my file deprived me of my statutory right to a clear and accurate file disclosure under 15 U.S.C. § 1681g(a)(1). This deprivation constitutes an informational injury sufficient to support standing under Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), in that the denial of information to which I am statutorily entitled is itself a concrete injury in fact regardless of any downstream consequence.

15. The incomplete disclosure caused me frustration and emotional distress as I attempted to understand and verify the information in my credit file, and I spent substantial time investigating the omissions and attempting to identify my accounts and assess their legal status from the incomplete data provided.

## III. Inaccurate Information Reported to Third Parties

16. In addition to the disclosure deficiencies, Experian reported inaccurate information about my accounts to third parties. The hard inquiry log and soft inquiry log in my March 5, 2026 disclosure establish that my consumer report was furnished to multiple third parties -- including debt collectors Caine & Weiner (12/04/2025, hard inquiry designated "Collection"), JPMCB (02/27/2026, hard inquiry designated "Collection"), and JPMCB CJ (02/26/2026 and 01/28/2026) -- containing the inaccurate tradeline data described herein.

**A. Capital One (\*9375) and Capital One (\*515676) -- Highest Balance Exceeds Credit Limit With No Explanation**

17. The Capital One tradeline (Account No. 486236XXXXXXXXXX) reflects a Highest Balance of $3,624 against a Credit Limit of $3,250. The Highest Balance exceeds the stated Credit Limit by $374 with no narrative code or notation documenting any authorized over-limit condition, temporary credit line increase,

or other basis for a balance that exceeded the established limit. Experian reported this tradeline to third parties -- including the collection entity that pulled my report on 02/27/2026 -- presenting this unexplained balance-to-limit discrepancy as part of my credit profile.

18. The Capital One tradeline (Account No. 515676XXXXXXXXXX) reflects a Highest Balance of $6,182 against a Credit Limit of $5,250. The Highest Balance exceeds the Credit Limit by $932 with no narrative code or notation explaining this over-limit condition. Experian reported this tradeline to third parties with this unexplained discrepancy. See Chiang v. Verizon New England Inc., 595 F.3d 26, 37 (1st Cir. 2010) (accuracy standard requires that reported information not be misleading in a way that tends to injure the consumer).

**B. CapitalOne (*548042) -- Current Balance Exceeds Credit Limit**

19. The CapitalOne tradeline (Account No. 548042XXXXXXXXXX) reports a current open balance of $1,156 as of February 2026 against a Credit Limit of $1,000, meaning the account is currently over its credit limit by $156 as of the report date with no over-limit narrative code. Separately, the Highest Balance of $1,173 also exceeds the Credit Limit of $1,000 by $173 with no explanation. Experian reported this account to third parties and continues to report it in an open status without disclosing the over-limit condition. This is a specific inaccuracy in the current balance-to-limit relationship that presents a misleading picture of this account.

**C. Capital One (*9375) and Capital One (*515676) -- Internally Inconsistent and Unexplained Balance History**

20. The Capital One tradeline (Account No. 486236XXXXXXXXXX) reflects a balance of $3,409 in October 2024 dropping to $44 in November 2024 -- a reduction of $3,365 -- with no payment credited to the account in November 2024 (the Paid column reflects "$0 on 11/19/2024"). The balance then rises from $362 in December 2024 to $905 in January 2025 -- an increase of $543 in one month -- with no payment or new charges explained. A balance reduction of over $3,000 in a single month with no payment credited,

and a balance increase of over $500 the following month with no new charge explanation, cannot both be accurate and present an internally contradictory picture of this account's payment history. Experian disseminated this tradeline to third parties -- including on 02/27/2026 when the "COLLECTION CAPITAL ONE" hard inquiry was made -- containing these internally inconsistent balance entries.

21. The Capital One tradeline (Account No. 515676XXXXXXXXXX) similarly reflects a balance of $5,660 in October 2024 dropping to $108 in November 2024 -- a reduction of $5,552 -- with no payment credited in November 2024 ("$0 on 11/19/2024"). The balance then rises from $1,578 in December 2024 to $565 in January 2025, also with no payment credited ("$0 on 1/14/2025"). These contradictory month-to-month balance swings of thousands of dollars with no payments credited present an inaccurate and confusing picture of this account's actual payment history.

**D. MOHELA -- Seven Years of "No Data" Payment History Reported to Third Parties**

22. The MOHELA student loan account (Account No. 256341XXXXXXXXXXXXXXXXXXXXXXXX) reports "No data for this period" ("ND") for the entirety of the payment history grid from 2019 through the current reporting period -- over seven consecutive years without a single month of payment status data. Experian furnished this tradeline to third parties showing a $50,300 balance and seven-plus years of blank payment history, which presents an inaccurate and incomplete picture of this account. Under Metro 2 standards, a furnisher is required to report monthly payment status, and a CRA is required to include that status in the consumer report it furnishes to third parties. Seven consecutive years of "no data" in the payment history grid for an active account does not reflect maximum possible accuracy under § 1681e(b).

**E. Third-Party Dissemination Establishing Concrete Injury**

23. The hard inquiry log in my March 5, 2026 disclosure confirms that my consumer report was furnished to at least three third parties in a collection context: Caine & Weiner Company on 12/04/2025 (designated "Collection"), JPMCB on 02/27/2026 (designated "Collection"), and JPMCB CJ on 02/26/2026 and 01/28/2026. The report also reflects an inquiry by OneMain on 02/09/2026 designated "Credit Granting."

Under *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), the dissemination of inaccurate information to third parties -- including debt collectors and creditors -- establishes that the inaccurate information was not merely sitting in a database but was actually published to external parties, causing me a concrete injury in fact. My consumer report containing the inaccurate balance histories, unexplained over-limit conditions, and incomplete collection account data described above was furnished to each of these entities.

## IV. Experian's Willful Conduct

24. Experian's failure to provide complete file disclosures is not an isolated data entry error. On information and belief, Experian has known for years that its consumer disclosure template systematically omits required data fields -- including dates of first delinquency for collection accounts, over-limit narrative codes, payment header fields, and full balance histories -- that furnishers report to Experian. Experian knowingly continues to use this deficient template because its automated consumer disclosure system is not designed to surface all furnisher-reported data in the consumer-facing disclosure, even though that same data is included in the consumer reports Experian sells to third parties for profit. This systemic failure is documented in the Consumer Financial Protection Bureau's January 2025 enforcement action against Experian, Case No. 8:25-cv-00024 (C.D. Cal.), which identified Experian's pattern of deficient consumer disclosures and inaccurate reporting procedures.

25. Experian's failure to follow reasonable procedures to assure maximum possible accuracy in reporting the Capital One, CapitalOne, and MOHELA tradelines to third parties reflects a systemic failure to cross-check reported balances against reported credit limits, resolve internally contradictory balance history data before furnishing consumer reports, and verify that required payment history data is present before reporting long-standing accounts to third parties.

26. Under *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007), a defendant acts willfully under the FCRA when it knowingly or recklessly disregards its statutory obligations. Experian's continued use of a disclosure template it knows to be deficient, its continued reporting of accounts with over-limit balance discrepancies and internally contradictory balance histories, and its continued furnishing of accounts

carrying seven years of blank payment data, all constitute reckless disregard of its obligations under 15 U.S.C. § 1681g(a)(1) and 15 U.S.C. § 1681e(b).

**COUNT I**

**VIOLATION OF 15 U.S.C. § 1681g(a)(1)**

**FAILURE TO CLEARLY AND ACCURATELY DISCLOSE ALL FILE INFORMATION**

(Willful Noncompliance -- 15 U.S.C. § 1681n)

27. I adopt and incorporate by reference all preceding paragraphs as if fully set forth herein.

28. 15 U.S.C. § 1681g(a)(1) requires Experian, upon my request, to clearly and accurately disclose to me all information in my file at the time of the request.

29. I requested my consumer disclosure from Experian on March 5, 2026 and received Report No. 2239-8193-46.

30. Experian violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose all information in my file. Specifically, as set forth in Paragraphs 9 through 15 above, Experian omitted balance headers, payment fields, dates of first delinquency for collection accounts, over-limit narrative codes, and complete payment history data for at least nine tradelines, all of which information was reported by the furnishers to Experian and was contained within my file at the time of my request.

31. As a direct result of Experian's violation, I suffered an informational injury in fact in the form of being deprived of my statutory right to a complete and accurate file disclosure. I also suffered emotional distress and spent substantial time attempting to identify and verify my accounts and assess the legal status of collection accounts from the incomplete data Experian provided.

32. Experian's conduct was willful within the meaning of 15 U.S.C. § 1681n and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007), in that Experian knowingly or recklessly used a consumer disclosure template it knew to be deficient. Experian is therefore liable to me for the greater of my actual damages or statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), plus costs pursuant to 15 U.S.C. § 1681n(a)(3).

33. In the alternative, Experian's conduct was negligent within the meaning of 15 U.S.C. § 1681o, and Experian is therefore liable to me for my actual damages plus costs pursuant to 15 U.S.C. § 1681o(a).

## COUNT II

## VIOLATION OF 15 U.S.C. § 1681g(a)(1)

## FAILURE TO CLEARLY AND ACCURATELY DISCLOSE ALL FILE INFORMATION

(Negligent Noncompliance -- 15 U.S.C. § 1681o)

34. I adopt and incorporate by reference all preceding paragraphs as if fully set forth herein.

35. In the alternative to Count I, and to the extent Experian's conduct is found to be negligent rather than willful, Experian is liable under 15 U.S.C. § 1681o for failing to clearly and accurately disclose all information in my file as required by 15 U.S.C. § 1681g(a)(1).

36. As a direct result of Experian's negligent failure, I suffered actual damages including emotional distress and time expended attempting to investigate and verify my incomplete file disclosure and assess the legal status of collection accounts.

37. Experian is therefore liable to me for my actual damages plus costs pursuant to 15 U.S.C. § 1681o(a).

## COUNT III

## VIOLATION OF 15 U.S.C. § 1681e(b)

## FAILURE TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY

(Willful Noncompliance -- 15 U.S.C. § 1681n)

38. I adopt and incorporate by reference all preceding paragraphs as if fully set forth herein.

39. 15 U.S.C. § 1681e(b) requires Experian, whenever it prepares a consumer report, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

40. Experian violated 15 U.S.C. § 1681e(b) by reporting inaccurate information about my accounts to third parties, including the entities identified in the hard inquiry log of my March 5, 2026 disclosure, as follows:

   a. Experian reported the Capital One account (No. 486236XXXXXXXXXX) with a Highest Balance of $3,624 exceeding the Credit Limit of $3,250 by $374 with no over-limit narrative code, creating a specific inaccuracy in the account's balance-to-limit relationship. Experian also reported this account with internally contradictory balance history entries showing a $3,365 balance reduction in November 2024 with no payment credited, and a $543 balance increase in January 2025 with no new charge disclosed.

   b. Experian reported the Capital One account (No. 515676XXXXXXXXXX) with a Highest Balance of $6,182 exceeding the Credit Limit of $5,250 by $932 with no over-limit narrative code. Experian also reported this account with internally contradictory balance history entries showing a $5,552 balance reduction in November 2024 with no payment credited, and additional unexplained balance shifts in subsequent months.

   c. Experian reported the CapitalOne account (No. 548042XXXXXXXXXX) as an open account with a current balance of $1,156 exceeding the Credit Limit of $1,000 by $156, and a Highest Balance of $1,173 also exceeding the Credit Limit of $1,000 by $173, with no over-limit narrative code for either condition.

   d. Experian reported the MOHELA student loan account (No. 256341XXXXXXXXXXXXXXXXXXXXXXX) with seven-plus consecutive years of "No data for this period" in the payment history grid, despite the account being open and active. Furnishing an account with a $50,300 balance and no payment history data for over seven years to third parties does not reflect maximum possible accuracy under § 1681e(b).

41. Each of these inaccuracies resulted from Experian's failure to follow reasonable procedures to assure maximum possible accuracy, including the failure to compare reported Highest Balance figures against reported credit limits before furnishing consumer reports, the failure to resolve internally contradictory

balance history data before reporting to third parties, and the failure to verify that required payment history data is present for accounts with extended reporting histories.

42. As a result of Experian's violations, my consumer report was furnished to third parties -- including Caine & Weiner on 12/04/2025, JPMCB on 02/27/2026, and JPMCB CJ on 02/26/2026 and 01/28/2026 -- containing inaccurate information about my accounts, causing me a concrete injury in fact under *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). I also suffered emotional distress and reputational harm from the dissemination of inaccurate account information to third parties, including debt collectors.

43. Experian's conduct was willful within the meaning of 15 U.S.C. § 1681n and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007). Experian is therefore liable to me for the greater of my actual damages or statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), plus costs pursuant to 15 U.S.C. § 1681n(a)(3).

44. In the alternative, Experian's conduct was negligent within the meaning of 15 U.S.C. § 1681o, and Experian is therefore liable to me for my actual damages plus costs pursuant to 15 U.S.C. § 1681o(a).

## COUNT IV

## VIOLATION OF 15 U.S.C. § 1681e(b)

## FAILURE TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY

(Negligent Noncompliance -- 15 U.S.C. § 1681o)

45. I adopt and incorporate by reference all preceding paragraphs as if fully set forth herein.

46. In the alternative to Count III, and to the extent Experian's conduct is found to be negligent rather than willful, Experian is liable under 15 U.S.C. § 1681o for failing to follow reasonable procedures to assure maximum possible accuracy as required by 15 U.S.C. § 1681e(b).

47. As a direct result of Experian's negligent failure, I suffered actual damages including emotional distress, reputational harm, and harm to my creditworthiness from the dissemination of inaccurate account

information to third parties, including debt collectors who used my consumer report in connection with collection activity.

48. Experian is therefore liable to me for my actual damages plus costs pursuant to 15 U.S.C. § 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, I respectfully request that this Court enter judgment in my favor against Experian Information Solutions, Inc. and award the following relief:

a. The greater of my actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A), for each willful violation of the FCRA;

b. Punitive damages in an amount to be determined by the jury, pursuant to 15 U.S.C. § 1681n(a)(2), for Experian's willful violations of the FCRA;

c. My actual damages pursuant to 15 U.S.C. § 1681o(a)(1), in the alternative, for any violations found to be negligent rather than willful;

d. Costs of suit pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and

e. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

I demand a jury trial on all issues so triable.


Respectfully submitted,

Antonio D. Sepulveda

32836 Osprey Peak Way

San Antonio, FL 33576

+1 (813) 955-1319

Tsep19@gmail.com

Dated: 4/23/26

16